**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4283**

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

ROBERT LEE SMITH,

> Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:15-cr-00166-WO-1)

Submitted:  November 29, 2016        Decided:  December 22, 2016

Before TRAXLER, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Smith appeals from his conviction and 106-month sentence entered pursuant to the jury verdict finding him guilty of possession of a firearm by a convicted felon. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues but raising the issue of whether Smith's sentence is substantively unreasonable. Smith filed a pro se supplemental brief stating that he received ineffective assistance of trial and appellate counsel. We affirm.

On appeal, counsel contends that the district court erred by not giving sufficient weight to Smith's age and cognitive issues related to alcohol when fashioning his sentence. We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) (2012) for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). We presume that a sentence within the Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Based on the totality of the circumstances, we find that Smith failed to rebut the presumption that his sentence is

reasonable when measured against the § 3553(a) factors, and we must give due deference to the court's reasoned and reasonable decision that those factors justified the sentence that it imposed. See United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir. 2011) (citation and quotation marks omitted). The district court specifically considered the factors relied upon by Smith and balanced them against the other factors to arrive at a sentence below that argued for by the Government. Further, Smith provides no reason why his age and alcohol abuse should outweigh his dangerous, repetitive criminal behavior. Thus, we conclude that the district court reasonably rejected Smith's request for a lower sentence and reasonably determined a sentence towards the lower end of his Guidelines range was appropriate in this case.

In his pro se supplemental brief, Smith contends that he received ineffective assistance of trial and appellate counsel. "It is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United

States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  We find that Smith's claims of ineffective assistance do not conclusively appear on the record.

In accordance with Anders, we have reviewed the entire record in the case for meritorious issues and have found none. Accordingly, we affirm Smith's conviction and sentence.  This court requires that counsel inform Smith, in writing, of his right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4